### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Albert Dunn | : | CIVIL ACTION |
| 218 South 3rd Street | : | No. 26-1159 |
| Reading, PA 19601 | : | |
| | : | TRIAL BY JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Officer Alexander Trout | : | |
| 4975 Demoss Road | : | |
| Reading, PA 19606 | : | |
| | : | |
| & | : | |
| | : | |
| John Doe Police Officers | : | |
| 4975 Demoss Road | : | |
| Reading, PA 19606 | : | |
| | : | |
| Defendants. | : | |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Brian J. Zeiger, Esquire, and Laura Zipin, Esquire, hereby alleges the following:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

### PARTIES

3. Plaintiff Albert Dunn is an adult resident of Pennsylvania with a home address at 218 South 3rd Street, Reading, PA 19601.

1

4.      Defendants Alexander Trout and John Doe Police Officers are believed to be adult citizens of Pennsylvania. Defendants are being sued in their individual and official capacities. Defendants have a business office at the Exeter Township Police Department, located at 4975 Demoss Road, Reading, PA 19606.

5.      At all times material hereto, Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Exeter Township.

## FACTUAL BACKGROUND

6.      Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

7.      Shortly after midnight on December 26, 2024, Plaintiff was walking home in Reading, Pennsylvania when, unbeknownst to him, someone called the police on him.

8.      At that same date and time, officers from the Exeter Township Police Department, including Defendant Trout, responded to the call and began pursuing Plaintiff.

9.      Plaintiff did not initially realize that the individuals pursuing him were police officers; worried that they were instead citizens looking for trouble, he tried to run away from them and jumped over a fence.

10.     An officer positioned on the opposite side of the fence ordered Plaintiff to freeze and put his hands up.

11.     Plaintiff immediately complied with the command; he stopped moving, raised his hands, and did not resist or pose any threat to the officers.

12.     Despite Plaintiff's compliance and lack of resistance, Defendant Trout and/or Doe slammed Plaintiff to the ground, seriously injuring his right leg.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

13. Plaintiff was placed under arrest and transported to the hospital while in police custody.

14. Although Plaintiff reported knee pain caused by being tackled by police, the only test performed was an x-ray, which revealed nothing significant.

15. Plaintiff was escorted out of the hospital in a wheelchair and taken into custody at Berks County Prison ("BCP").

16. While incarcerated at BCP, Plaintiff experienced persistent and worsening pain, swelling, and mobility issues in his right knee.

17. On or about February 20, 2025, Plaintiff was escorted back to the hospital, where he underwent an MRI of his right leg.

18. The MRI revealed an intra-articular fracture of the lateral tibial plateau, classified as a Schatzker Type I fracture, with associated bone marrow edema and joint effusion.

19. Plaintiff was advised by his treating physician that the fracture would require approximately six months to one year to heal.

20. As a result of the excessive force used by Defendants, Plaintiff continues to suffer chronic knee pain and limited mobility, and he still walks with a limp.

21. On or about April 17, 2025, Plaintiff again required emergency medical treatment while in police custody due to ongoing pain from the same injury.

22. Following the December 26, 2024 incident, Plaintiff was charged with multiple offenses, all of which were later dismissed.

## COUNT I:  EXCESSIVE FORCE – 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANTS TROUT AND DOE

23. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

24. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. § 1983, and have deprived Plaintiff of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from unlawful seizure.

25. Plaintiff believes and therefore avers that the amount of force used against him was unnecessary and unreasonable under the circumstances.

26. Defendant Trout and/or Doe violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by illegally seizing his person and using excessive force against him.

27. On information and belief, Defendants' actions were taken intentionally, willfully, and/or with deliberate indifference to Plaintiff's rights, and violated Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983.

28. The actions of Defendants Trout and/or Doe were a factual and proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

### COUNT II:  FAILURE TO INTERVENE – 42 U.S.C. § 1983
### PLAINTIFF v. DEFENDANT TROUT AND DOE

29. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

30. While Defendant Trout and/or Doe used excessive force against Plaintiff, Defendant Trout and/or Doe took no reasonable steps to protect Plaintiff, despite being in a position and having a duty to do so.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

31. Defendants' actions were a factual and proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of two hundred fifty thousand dollars ($250,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

### COUNT III:  CONSPIRACY – 42 U.S.C. § 1983
### PLAINTIFF v. ALL DEFENDANTS

32. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

33. Defendants Trout and/or Doe conspired to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure, including the use of excessive force.

34. Defendants' actions were a factual and proximate cause of Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest, attorney's fees, and allowable costs of suit, and brings this action to recover same.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

Respectfully submitted,

*/s/ Brian J. Zeiger*
BRIAN J. ZEIGER, ESQUIRE
Pa. ID No. 87063

*/s/ Laura Zipin*
LAURA ZIPIN, ESQUIRE
Pa. ID No. 324914

                                                  LEVIN & ZEIGER, LLP
                                                  1500 JFK Blvd, Suite 620
                                                  Philadelphia, Pennsylvania 19102
                                                  215.546.0340